■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THORING-TON BONEY, Also Known as JOHN BONEY, Appellant.— In a proceeding by defendant with respect to a judgment of conviction rendered by the former County Court, Kings County, on June 29, 1960, the appeal is from an order of the Supreme Court, Kings County, dated September 29, 1967 (erroneously referred to in the briefs by the date of October 2, 1967), which denied the application without a hearing.   Order affirmed.   While orders denying motions for resentence are not appealable, we are of the opinion that when an attack on the legality of a conviction used as a predicate for multiple offender treatment involves the construction of a statute, or a question of its applicability or compliance therewith, it is properly within the scope of *coram nobis* (*People* v. *Wright,* 34 A D 2d 736).   Accordingly, the order is appealable and our determination for affirmance is on the merits.   Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; (Beldock, P. J., deceased.)

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES DELGADO, Appellant.— In a *coram nobis* proceeding (1) to vacate a judgment of the County Court, Suffolk County, rendered January 10, 1966, and (2) for resentence so as to enable defendant to appeal from the judgment rendered upon such resentencing, defendant appeals from an order of said court, entered May 21, 1969, which denied the application without a hearing.   Order reversed, on the law, and application remitted to the County Court for (1) a complete hearing on the issues of defendant's indigence during the time within which a notice of appeal from the judgment of conviction could have been filed on his behalf and whether he either knew or had been informed of his right to appeal as a poor person and (2) a new determination.   No questions of fact have been considered.   In our opinion, defendant should have been informed of his right to appeal as a poor person if he was in fact indigent.   If he was unable to afford to continue to pay retained counsel, his knowledge of a right to appeal without knowledge that he could do so as a poor person was insufficient to establish an informed waiver of his rights (cf. *People* v. *Montgomery,* 24 N Y 2d 130; *People* v. *Ludwig,* 16 N Y 2d 1062; *People* v. *Williams,* 28 A D 2d 985).   Sufficient has been shown to entitle him to a hearing.   Christ, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; (Beldock, P. J., deceased.)

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DEL RIO, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the former County Court, Kings County, rendered August 6, 1945, defendant appeals from an order of the Supreme Court, Kings County, dated February 17, 1969, which denied the application after a hearing.   Order affirmed.   In our opinion the trial court was entitled to consider the excessively long period during which defendant failed to complain, either formally or informally, of the alleged irregularity despite the fact that he was in frequent trouble with the law and was represented by counsel on each occasion (*People* v. *Nixon,* 21 N Y 2d 338, 352; cf. *People* v. *Murphy,* 20 A D 2d 222; *People* v. *De Vore,* 14 A D 2d 469).   Christ, Acting P. J., Rabin, Hopkins, Munder and Latham, JJ., concur.